UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Jenkins, #271240,<br><br>        Plaintiff,<br><br>v.<br><br>NC Merchant, Mailroom; Maria Leggins, Administrator; C. Hendenburg, Grievance Officer; A. Hardin, Agency Mailroom Coordinator,<br><br>        Defendants. | C/A No: 5:14-cv-2708-RMG-KDW<br><br>Report and Recommendation |

  Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for an "Injunction[, and] Temporary Restraining Order[, and] Order to Show Cause. ECF No. 24. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

  In his Motion, filed on September 19, 2014, ECF No. 24, Plaintiff contends that "malicious and sardistic (sic)" behavior is being taken against him to keep him quiet about his serious medical condition. Plaintiff alleges that his mail is being held, and money has been taken off his account so that he is prevented from writing to his family. *Id.* at 1. Plaintiff claims he never received responses to some of the grievances he filed. *Id.* at 1-2. Additionally, Plaintiff maintains his mail has been "turned around, open[ed], damage[d,] you name it," and Defendants are committing a federal offense when they destroy his mail. *Id.* at 2, 5. Plaintiff requests that the "court grant [him] an injunction on the Defendants because if not this is going to continue to happen. There is no telling what is going to take place." *Id.* at 6. Defendants contend that

Plaintiff is not entitled to the relief that he is requesting because Plaintiff has failed to offer facts that establish the requisite factors for issuing a restraining order. ECF No. 36. Plaintiff submitted a Reply to Defendants' Response to the court on October 16, 2014. ECF No. 38.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motion for a temporary restraining order should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage. While Plaintiff alleges that certain officers assaulted him and maced him while he was in handcuffs, ECF No. 24 at 2, Plaintiff has not offered any evidence to support his claims. Additionally, Plaintiff has not shown that he has been denied the right to send legal correspondences to "a court, an attorney, or a party to a lawsuit." ECF No. 36-1 at ¶¶ 2-3 (referencing SCDC guidelines for Indigent Legal Correspondences). Furthermore, Plaintiff is not harmed by having his mail opened, and all

inmate mail is opened for security purposes, except legal or privileged mail. ECF No. 36-1 at ¶ 5. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion, ECF No. 24, be denied.

On October 16, 2014, Plaintiff filed a "Declaration for Entry of Default," essentially objecting to Defendants' request for an extension. ECF No. 37. To the extent Plaintiff requests a default judgment concerning his request for injunctive relief, the undersigned recommends Plaintiff's request be denied. The court granted Defendants a four-day extension of time to file a Response to Plaintiff's Motion for Injunctive Relief, ordering Defendants file a Response by October 10, 2014. ECF No. 34. Defendants timely filed their Response. *See* ECF No. 36. Accordingly, any request for an Entry of Default, based on an objection to an extension, is now moot.

IT IS SO RECOMMENDED.

October 22, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3