IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bobby Jenkins, #271240, | ) | Civil Action No. 5:14-cv-2708-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| NC Merchant, Mailroom; Maria Leggins, | ) | |
| Administrator; C. Hendenburg, Grievance | ) | |
| Officer; A. Hardin, Agency Mailroom | ) | |
| Coordinator, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for an Injunction and Temporary Restraining Order, and Order to Show Cause. (Dkt. No. 24). As explained herein, the Court adopts the Magistrate's Report and Recommendation (Dkt. No. 39) and DENIES Plaintiff's motion.

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008). A preliminary injunction analysis must weigh the likelihood of irreparable harm in the absence of injunctive relief with the moving party's likelihood of success on the merits. *See, e.g. Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802 (4th Cir. 1991). Plaintiff's motion argues that he has been treated violently and that his mail has been tampered with. As to the first allegation, the incidents complained of form the substance of Plaintiff's complaint, but there is no argument or allegation that he is

subject to continuing physical harm that could be remedied by an injunction. As to the second, as the R&R states, mail is routinely opened and reviewed for security reasons in prisons, and Plaintiff presents no evidence that his mail is being unusually delayed, damaged, or withheld. The Court has reviewed the R&R, the full record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that injunctive relief be denied.

Upon the issuance of the R&R, Plaintiff was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive his right to appeal the judgment of the District Court. (Dkt. No. 39). Plaintiff filed objections on November 10, 2014. (Dkt. No. 44). However, the objections reiterate the arguments made in the motion, and present no new issues for the Court's consideration.

Therefore, the Court hereby **adopts** the R&R as the order of this Court and **denies** Plaintiff's motion (Dkt. No. 24).

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

December 5, 2014
Charleston, South Carolina