UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Jenkins, #271240,   )   <br>                               )   C/A No: 5:14-cv-2708-RMG-KDW<br>                Plaintiff,  )<br>                               )<br>    v.                        )<br>                               )   Order<br>NC Merchant, Mailroom; Maria Leggins,  )<br>Administrator; C. Hendenburg, Grievance )<br>Officer; A. Hardin, Agency Mailroom )<br>Coordinator,                )<br>                               )<br>                Defendants.  ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Supplemental Statement, Motion for Sanctions, Second Motion for Sanctions, Motion to Compel, and Motion for Extension of Time to Complete Discovery. ECF Nos. 55, 56, 62, 63, 64. Defendants have filed Responses in Opposition to four of Plaintiff's Motions. ECF Nos. 65, 66, 69, 70. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motion for Supplemental Statement**

On December 12, 2014, Plaintiff filed a Motion for Supplemental Statement. ECF No. 55. There, Plaintiff maintains he "was granted leave by the court to amend according to pursuant to Rules 15(a) and 19(a)" of the Federal Rules of Civil Procedure. In his Motion, Plaintiff discusses a prior-pending Motion for Injunctive Relief, maintains that he does not have access to legal supplies, and claims he is unable to communicate with the National Archives. ECF No. 24. In Response, Defendants maintain that the Docket Report does not

indicate that the court ever granted Plaintiff leave to file an amended complaint. ECF No. 65. Previously, the court recommended denying Plaintiff's Motion for Injunctive Relief, ECF No. 39, and the district court adopted the recommendation, ECF No. 49. Furthermore, the court has not granted Plaintiff leave to file a supplemental pleading or a "supplemental statement," and motions to amend pleadings were due on or before December 1, 2014. ECF No. 42. Therefore, Plaintiff's Motion for a Supplemental Statement **is denied**.

**Plaintiff's Motions for Sanctions**

1. First Motion for Sanctions

In his first Motion, Plaintiff moves for sanctions "pursuant to Rule 11 (b)" for Defendants' alleged misconduct. ECF No. 56. Plaintiff maintains that Officer Merck has repeatedly denied him copies so he can "submit to the court as exhibits along with his pleading of supplemental statement." *Id.* Plaintiff requests that "the court make Defendants pay for the court to make copies of all Exhibits to send back to Plaintiff for his record for later court proceedings against Officer Merck." *Id.* at 2. In Response, Defendants maintain that Plaintiff's requests for copies "have been handled in the same manner as those for any other inmate." ECF No. 66. Additionally, Defendants maintain that Plaintiff's Motion is not proper because Officer Merck is not a party to this case. *Id.* Defendants attached affidavits from Officer Merck, an SCDC correctional officer, and Nancy Merchant, Postal Director at Perry Correctional Institution to their Response. ECF Nos. 66-1, 66-2.

Plaintiff's Motion for sanctions is moot based on the court's denial of Plaintiff's Motion for a Supplemental Statement. Furthermore, Officer Merck is not a party to this action, and this court cannot interfere with administrative matters within a prison. *See generally Sweet v. S.C. Dept of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Courts deference to prison administrators and all administrative matters unless the

condition arises to the level of a constitutional violation). Accordingly, Plaintiff's Motion for Sanctions, ECF No. 56, **is denied**.

2. Second Motion for Sanctions

In his second Motion, Plaintiff argues that pursuant to Rule 37 of the Federal Rules of Civil Procedure, the court should sanction Defendants for filing a frivolous Motion to Enlarge Time, refusing to answer interrogatories, and failing to produce an affidavit from Officer Weston Merck. ECF No. 62. Defendants maintain that issues presented in Plaintiff's Motion have been addressed previously, and Plaintiff's Motion should be denied. ECF No. 69.

In responding to another Motion, Defendants maintain that they have answered Plaintiff's interrogatories. ECF No. 70. Previously, the court extended the Defendants' interrogatory response deadline to January 16, 2015. *See* ECF No. 72. Further, the court finds that Defendants served interrogatory responses on Plaintiff by the deadline imposed as evidenced by Exhibit 70-1. The court finds Defendants have responded to the court's Order that it serve Plaintiff with discovery in good faith. Therefore, sanctions are not warranted, and Plaintiff's second Motion for Sanctions, ECF No. 62, **is denied**.

**Plaintiff's Motion for Court Order Compelling Discovery**

In Plaintiff's Motion for a Court Order, ECF No. 63, he maintains that Defendant Hendenburg has failed to answer nine interrogatories. Defendants maintain and the court finds that Defendants have answered Plaintiff's interrogatories. ECF No. 70. Accordingly, Plaintiff's Motion to Compel, ECF No. 63, **is denied as moot**.

**Plaintiff's Motion for Extension of Discovery**

In his Motion to extend dated December 22, 2014, ECF No. 64, Plaintiff maintains that an extension of time is needed beyond the discovery deadline of December 31, 2014, to allow Defendants time to respond to his Requests for Production. However, on December 18,

3

2014, the court entered an order extending the discovery deadline to January 16, 2015. ECF No. 59. Accordingly, Plaintiff's Motion for an Extension, ECF No. 64, **is denied as moot**.

IT IS SO ORDERED.

February 5, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

4