UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, # 271240 ) | C/A No.: 5:14-cv-02708-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NC Merchant, Mailroom; Maria Leggins, ) | |
| Administrator; C. Hendenburg, ) | |
| Grievance Officer; A Hardon, Agency ) | |
| Mailroom Coordinator, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Bobby Jenkins was previously an inmate at the Perry Correctional Institution and is now an inmate at Evans Correctional Institution of the South Carolina Department of Corrections. On July 3, 2014, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani West for pretrial handling. On October 30, 2014, Defendants filed an answer. ECF No. 41. On review the court instructed the clerk's office to docket additional materials as part of Plaintiff's original Complaint. ECF No. 82. Thereafter, Defendants filed an Amended Answer. ECF No. 96.

On April 15, 2015, Plaintiff filed a motion to voluntarily dismiss his Complaint because it is too "burdensome on Plaintiff to continue the suit [and because Plaintiff] is no longer at the institution where the constitutional violations took place." ECF No. 98. Defendants, in their response, consented to the voluntary dismissal of the case as requested by the Plaintiff. ECF No. 99. Plaintiff filed his motion after Defendants filed their answer, therefore he fails to meet the

requirements to dismiss this action without a court order. *See* Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

Plaintiff has indicated that he seeks to dismiss his case, and Defendants have consented to such. Accordingly, Plaintiff's action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Richard M. Gergel
United States District Judge

May 7, 2015
Charleston, South Carolina